# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO SHARP, | CASE NO. 1:07-cv-00458-LJO-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| A. D. MORRISON, et al., | (Doc. 10) |
| Defendants. | OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Amended Complaint**

**I.      Procedural History**

Plaintiff Antonio Morrison ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff filed this action on March 22, 2007. On June 19, 2007, the Court issued an order finding that Plaintiff's complaint stated a cognizable claim for relief under section 1983 against Defendants Coronado, McNutt, Hernandez, and Morrison for use of excessive physical force, in violation of the Eighth Amendment, but did not state any other claims upon which relief may be granted under federal law. Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed only on his cognizable excessive force claim. On July 2, 2007, Plaintiff filed an amended complaint. Plaintiff's amended complaint is virtually identical to his original complaint and as set forth below, the Court's finding in its first screening order remains unchanged.[1]

---

[1] Plaintiff added more facts regarding the alleged obstruction of the inmate appeals process.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III. Plaintiff's Claims

Plaintiff is an inmate currently housed at California State Prison-Corcoran, where the events at issue in this action allegedly occurred. Plaintiff names Sergeant Morrison, Lieutenant Hill, Correctional Officers McNutt, Hernandez, Pilkerton, and Coronado, and Correctional Counselors Jones and Cano as defendants. Plaintiff is seeking money damages and equitable relief.

Plaintiff alleges that on June 11, 2005, while he was walking from the dining hall to the gymnasium, Defendant Coronado observed him from his post above and told him to keep walking. Plaintiff responded, "I am, fool," and Defendant McNutt grabbed his arm. Plaintiff pulled away and Defendant McNutt attempted to push him to the ground. Defendant McNutt ended up falling to the

ground and Plaintiff voluntarily lied down on the ground in a prone position.  Plaintiff alleges that Defendant McNutt got up and began punching Plaintiff in the face.  When Plaintiff told him he was not doing anything,[2] Defendant McNutt became enraged, grabbed his hair, and called him a nigger.  Plaintiff pulled himself away and was pushed to the ground by Defendant McNutt onto some sharp stones which cut his face.  Defendant McNutt then began punching Plaintiff, and kneeing him in the lower back and head.  Other staff also began kneeing and kicking Plaintiff.  After Plaintiff was handcuffed, Defendant McNutt again kneed him.  Plaintiff alleges that he was not resistant during the incident.  Plaintiff alleges that Defendant Coronado observed the incident from the tower, and Defendants Hernandez and Morrison did not intervene to stop the beating.

Plaintiff was placed in administrative segregation later that day, and subsequently served with a Rules Violation Report charging him with battery on a peace officer.  Plaintiff was found guilty of the charge and assessed a credit forfeiture of one-hundred fifty days.  Plaintiff then filed an inmate appeal, which he alleges was obstructed by Defendants Jones and Cano.

Plaintiff alleges claims under section 1983 for violation of the Eighth Amendment, the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and for obstruction of the inmate appeals process, and for violation of 42 U.S.C. §§ 1985 and 1986.

**A.    Section 1983 Claims**

**1.    Excessive Force**

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).  However, not "every

---

[2] Apparently meaning Defendant was not having any effect on Plaintiff.

3

malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7.

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against Defendants Coronado, McNutt, Hernandez, and Morrison for use of excessive force. Fed. R. Civ. P. 8(a); Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) (bystander officers may be held liable for failing to intercede where they had a "realistic opportunity" to intercede).

### 2. Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate

4

the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005); Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004); Edwards v. Balisok, 520 U.S. 641, 648 (1997). Because the punishment imposed at the disciplinary hearing affects the duration of Plaintiff's sentence, Plaintiff's due process claim is barred until such time as Plaintiff invalidates the result of the disciplinary hearing. In addition to due process, this bar applies to any and all claims arising from the issuance and disposition of the Rules Violation Report, including denial of equal protection and conspiracy claims.

### 3. Equal Protection

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

Plaintiff has not alleged any facts which support a claim that Defendants Coronado, McNutt, Hernandez, and Morrison used excessive force against him or failed to stop the use of force against him due to his race.[3] Therefore, Plaintiff fails to state a claim.

### 4. Inmate Appeals Process

Plaintiff alleges that he filed an inmate appeal after he was found guilty of battery on a peace office and assessed a credit forfeiture, but Defendants Cano and Jones "intentionally obstructed" the

---

[3] Plaintiff alleges that Defendant McNutt called him a nigger. However, the use of the racial epithet occurred after the incident of force had begun and after Plaintiff allegedly enraged McNutt by telling him he was not having any effect with the use of force. Plaintiff was given the opportunity to add more facts in his amended complaint to support this claim but did not do so. The Court finds this allegation, without more, falls short of supporting a claim that McNutt initiated the beating against Plaintiff because Plaintiff is African American.

5

process. To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007); Buckley, 997 F.2d at 495.

The existence of an appeals process confers upon Plaintiff no substantive rights. Therefore, the allegation that Defendants Cano and Jones "intentionally obstructed" his attempt to utilize the process does not rise to the level of a constitutional violation.[4]

### 5. Retaliation

Although Plaintiff does not specifically plead a retaliation claim, he alleges that Defendants conspired to chill the exercise of his First Amendment rights. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

---

[4] To the extent that Defendants prevented Plaintiff from exhausting and he suffers a future claim or action dismissal as a result, Plaintiff may have a claim for denial of access the courts. However, such a claim would not accrue unless and until Plaintiff suffered an "actual injury" with respect to court litigation as a result of Defendants' actions. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 2187 (2002). Plaintiff's assertion that the Court will not accept civil complaints relating to prison conditions if they are not exhausted is incorrect. There is authority for the proposition that obstruction of the process by prison officials renders it unavailable. E.g., Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (quoting Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006))). Therefore, Plaintiff may not assume he will suffer a future injury via dismissal for failure to exhaust. If he does, he *may* then have a viable claim for denial of access to the courts. Until an injury occurs, however, no claim exists and the alleged obstruction of the process provides no basis for the imposition of liability in this action.

6

1  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:
2  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that
3  prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First
4  Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."
5  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  Plaintiff's complaint sets forth no facts
6  supporting a claim that he was retaliated against for exercising rights protected by the First
7  Amendment.

        **B.**      **Section 1985 and 1986 Claims**

9  Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state
10  a cause of action under section 1985(3), Plaintiff must allege: (1) a conspiracy, (2) to deprive any
11  person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators
12  in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any
13  right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir.
14  1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).  Section 1985 applies only where there
15  is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v.
16  Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). The complaint contains no facts supporting
17  the existence of a section 1985 claim.

18  "Section 1986 authorizes a remedy against state actors who have negligently failed to prevent
19  a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist.,
20  26 F.3d 968, 971 n.7 (9th Cir. 1994). Plaintiff may not pursue a claim for relief under section 1986
21  unless he has first stated a claim for relief under section 1985. McCalden v. California Library
22  Assoc., 955 F.2d 1214, 1223 (9th Cir. 1992). As discussed in the preceding paragraph, Plaintiff's
23  complaint does not contain a cognizable claim for relief under section 1985. Accordingly, Plaintiff's
24  complaint fails to state a claim for relief under section 1986.

        **C.**      **Claims for Equitable Relief**

26  "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold
27  requirement imposed by Article III of the Constitution by alleging an actual case or controversy."
28  City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted);

Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Equitable remedies are "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" Lyons at 111, 1670 (quoting O'Shea, 414 U.S. at 502, 94 S.Ct. at 679). In this instance, it is the past conduct of Defendants which gives rise to Plaintiff's claims for relief, and should Plaintiff prevail, Plaintiff's injuries will not go unrecompensed because Plaintiff has an adequate remedy at law. Id. Plaintiff is not entitled to equitable relief in this action for Defendants' past conduct. Therefore, this action should proceed as one for money damages only.

### IV.  Conclusion and Recommendation

The Court finds that Plaintiff's amended complaint states a cognizable claim for relief under section 1983 against Defendants Coronado, McNutt, Hernandez, and Morrison for use of excessive physical force, in violation of the Eighth Amendment.  However, the Court finds that Plaintiff's amended complaint does not state any other claims upon which relief may be granted under federal law.  Plaintiff was previously given the opportunity to amend, but failed to cure the deficiencies.  Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's amended complaint, filed July 2, 2007, against Defendants Coronado, McNutt, Hernandez, and Morrison;

2. Plaintiff's due process, equal protection, inmate appeals process, retaliation, section 1985, and section 1986 claims be dismissed, with prejudice, for failure to state a claim upon which relief may be granted;

3. Plaintiff's claims for equitable relief be dismissed for failure to state a claim; and

4. Defendants Hill, Pilkerton, Jones, and Cano be dismissed based on Plaintiff's failure to state any claim upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  April 16, 2008**              /s/ Sandra M. Snyder
                                                        UNITED STATES MAGISTRATE JUDGE