**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Antonio Sharp,<br><br>    Plaintiff,<br><br>vs.<br><br>A.D. Morrison, et al.,<br><br>    Defendants. | No. 1:07-CV-00458-SMM (PC)<br><br>**ORDER** |

    Before the Court is Defendants' Motion to Impose Discovery Sanctions and Dismissal of Plaintiff's Complaint (Doc. 46). Defendants request an order prohibiting Plaintiff from offering any evidence not disclosed in response to discovery. Defendants also request an order dismissing Plaintiff's complaint for failure to comply with the Court's prior Orders.

    Plaintiff filed an amended complaint on July 2, 2007, alleging that Defendants Coronado, Hernandez, McNutt and Morrison subjected him to excessive force while he was housed at Corcoran State Prison. (Doc. 10.) On October 2, 2008, the Court issued is Discovery Order and Scheduling Order providing that discovery was to be completed by April 2, 2009. (Doc. 25.)

    On January 16, 2009, Defendants served Plaintiff with interrogatory requests. On March 4, 2009, Plaintiff served his responses, but included the caveat that he did not have his property due to his housing in administrative segregation and presumably could not fully respond to certain interrogatories. Prior to the discovery cut-off, Defendants moved

1   the Court for an order compelling further responses to the interrogatories or modifying
2   the scheduling order to allow an additional thirty days of discovery.  (Doc. 35.)  On April
3   6, 2009, the Court extended the discovery deadline to May 4, 2009.  (Doc. 36.)  Further
4   extensions were granted on May 8, 2009 and June 5, 2009.  (Docs. 40, 43.)  In the May 8
5   Order, the Court required that "Plaintiff must respond to Defendants' interrogatories by
6   June 3, 2009, or file a response by that date explaining why he is unable to comply with
7   this deadline."  (Doc. 40.)  A similar statement was included in the Court's June 5, 2009
8   Order, requiring interrogatory responses or other response by July 3, 2009.  (Doc. 43.)
9   However, as of July 3, 2009, Plaintiff still has not served further interrogatory responses,
10  nor filed a response explaining why he was unable to comply with the Court's deadlines.
11  (Doc. 46, V. Kamberian Decl. ¶ 10.)  Defendants indicate in their motion that Plaintiff is
12  still housed in administrative segregation. (Id. ¶ 11.)

13          Plaintiff has had over three months to further respond to Defendants'
14  interrogatories or to provide a reason why non-compliance is not possible.  Although it
15  may be possible that Plaintiff still does not have access to his property, he has failed to
16  offer that as a reason for his failure to follow the Court's Orders.  Also, Plaintiff has not
17  offered any information regarding attempts that he made to access his property, such as
18  through the inmate appeal process or otherwise.  If Plaintiff no longer needs his property
19  to respond to the interrogatories, he should state that his discovery responses are his full
20  and complete responses.  Instead, Plaintiff has filed nothing with the Court, despite three
21  motions by Defendants.

22          The Court will give Plaintiff until July 24, 2009 to respond to those interrogatories
23  for which Plaintiff offered the caveat that he did not have his property and thus,
24  presumably could not fully respond.  If Plaintiff is not able to furnish responses by the
25  July 24, 2009 deadline, he must file with the Court a response explaining why compliance
26  is not possible.  Plaintiff should include information on whether he is still housed in
27  administrative segregation, and if so, what property he needs to respond to discovery, and
28  what attempts he has made to access his property through the prison's appeal process.  If

1  he no longer needs his property and wishes to be bound by his prior responses, Plaintiff
2  should state that his discovery responses are his full and complete responses.

3  The Federal Rules of Civil Procedure provide for sanctions for failure to comply
4  with court-ordered discovery. Fed. R. Civ. P. 37(b). If a party fails to obey an order to
5  provide or permit discovery, the court where the action is pending may issue further just
6  orders, including prohibiting the disobedient party from supporting or opposing
7  designated claims or defenses or from introducing designated matters in evidence. Fed.
8  R. Civ. P. 37(b)(2)(A)(ii). Alternatively, the court may dismiss the action in whole or in
9  part. Fed. R. Civ. P. 27(b)(2)(A)(v).

10 It is Plaintiff's obligation to follow Court Orders regarding discovery. The failure
11 of Plaintiff to respond to Defendants' interrogatories or file a response explaining why
12 compliance is not possible may, in the discretion of the Court, result in sanctions
13 including the dismissal of Plaintiff's action and the entry of judgment against him.

14 Accordingly,

15 **IT IS HEREBY ORDERED DENYING** Defendants' Motion to Impose
16 Discovery Sanctions and Dismissal of Plaintiff's Complaint (Doc. 46).

17 **IT IS FURTHER ORDERED** that Plaintiff must respond to Defendants'
18 interrogatories by **July 24, 2009**, or file a response by that date explaining why he is
19 unable to comply with this deadline.

20 **IT IS FURTHER ORDERED** that the deadline for dispositive motions is
21 extended to **September 25, 2009**.

22 DATED this 7th day of July, 2009.

*[signature]*
Stephen M. McNamee
United States District Judge