**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

|   |   |
|---|---|
| Antonio Sharp,            )  | No. 1:07-CV-00458-SMM (PC) |
|          Plaintiff,       )  | **ORDER** |
| vs.                       )  |   |
| A.D. Morrison, et al.,    )  |   |
|          Defendants.      )  |   |

Before the Court is Defendants' Motion to Impose Discovery Sanctions and Dismissal of Plaintiff's Complaint (Doc. 48). Defendants request an order prohibiting Plaintiff from offering any evidence not disclosed during discovery. Alternatively, Defendants request an order dismissing Plaintiff's complaint for failure to comply with the Court's prior Orders.

Plaintiff filed an amended complaint on July 2, 2007, alleging that Defendants Coronado, Hernandez, McNutt and Morrison subjected him to excessive force while he was housed at Corcoran State Prison. (Doc. 10.) On October 2, 2008, the Court issued is Discovery Order and Scheduling Order providing that discovery was to be completed by April 2, 2009. (Doc. 25.)

On January 16, 2009, Defendants served Plaintiff with interrogatory requests. On March 4, 2009, Plaintiff served his responses, but included the caveat that he did not have his property due to his housing in administrative segregation and presumably could not fully respond to certain interrogatories. Prior to the discovery cut-off, Defendants moved the Court for an order compelling further responses to the interrogatories or modifying the

1 scheduling order to allow an additional thirty days of discovery. (Doc. 35.) Within those
2 thirty days, it was anticipated that Plaintiff would return to the general population and have
3 access to his property again. On April 6, 2009, the Court denied the motion to compel, but
4 extended the discovery deadline to May 4, 2009. (Doc. 36.) Further extensions were granted
5 on May 8, 2009 and June 5, 2009. (Docs. 40, 43.) In the May 8 Order, the Court required
6 that "Plaintiff must respond to Defendants' interrogatories by June 3, 2009, or file a response
7 by that date explaining why he is unable to comply with this deadline." (Doc. 40.) A similar
8 statement was included in the Court's June 5, 2009 Order, requiring interrogatory responses
9 or other response by July 3, 2009. (Doc. 43.) However, as of July 3, 2009, Plaintiff still had
10 not served further interrogatory responses, nor filed a response explaining why he was unable
11 to comply with the Court's deadlines. (Doc. 48, V. Kamberian Decl. ¶ 9.)

12 Consequently, on July 6, 2009, Defendants moved to impose discovery sanctions on
13 Plaintiff, including prohibiting Plaintiff from introducing evidence not disclosed in discovery
14 and dismissal of Plaintiff's Complaint. (Doc. 46.) The Court denied this motion and gave
15 Plaintiff one more chance to respond to Defendants' interrogatories by July 24, 2009, or to
16 file a response by that date explaining why he is unable to comply with the deadline. (Doc.
17 47.) The Court's Order, dated July 8, 2009, specifically warned Plaintiff of the discovery
18 sanctions provided in Federal Rule of Civil Procedure 37 for failure to comply with court-
19 ordered discovery. (Id. at 3.) Such sanctions include prohibiting the disobedient party from
20 supporting or opposing designated claims or defenses or from introducing designated matters
21 in evidence. (Id.) Plaintiff also was warned that Rule 37 permits the court to dismiss the
22 action in whole or in part for discovery violations . (Id.) Finally, the Court's Order stated,

23/24/25
> It is Plaintiff's obligation to follow Court Orders regarding discovery. The failure of Plaintiff to respond to Defendants' interrogatories or file a response explaining why compliance is not possible may, in the discretion of the Court, result in sanctions including the dismissal of Plaintiff's action and the entry of judgment against him.

26 (Id.)

27 Despite numerous Court Orders, Plaintiff has not complied by providing further
28 interrogatory responses or filing a response indicating why compliance is not possible.

- 2 -

1 Defendants indicate in their motion that Plaintiff is still housed in administrative segregation.
2 (Doc. 48, V. Kamberian Decl. ¶ 13.) While Plaintiff may not have access to his property in
3 administrative segregation, he has failed to inform the Court that this housing is the reason
4 for his non-compliance. Plaintiff has had over four months to comply with the Court's
5 multiple Orders and supplement his answers to Defendants' interrogatories, if he wished.
6 However, he has not done so. Instead, Plaintiff has disregarded the Court's Orders that he
7 supplement his interrogatory responses or file a response explaining the reasons that he is
8 unable to comply.

9 Consequently, the Court will bind Plaintiff to his interrogatory responses previously
10 filed on March 4, 2009. While Plaintiff's interrogatory responses were unsigned, Plaintiff
11 indicated in his April 16, 2009 Motion for Immediate Transfer that "Plaintiff has answered
12 the question to the best of his ability with or without property." (Doc. 37.) This statement
13 authenticates the interrogatory responses and indicates Plaintiff's intention to be bound by
14 those responses. The Court has given Plaintiff multiple opportunities to supplement his
15 responses if he wished, but Plaintiff has failed to do so. Furthermore, since the discovery
16 period has now ended, Plaintiff is prevented from offering any evidence, either testimony or
17 documentary, that was not previously disclosed during discovery. While Defendants have
18 asked for the greater sanction of dismissal, the Court finds that binding Plaintiff to his
19 interrogatory responses is a more appropriate sanction at this time. Plaintiff is warned,
20 however, that failing to follow future court orders could lead to dismissal of his case.

21 Accordingly,

22 **IT IS HEREBY ORDERED** that Defendants' Motion to Impose Discovery
23 Sanctions and Dismissal of Plaintiff's Complaint (Doc. 48) is **granted in part**. The motion
24 is granted in that Plaintiff will be bound by his prior interrogatory responses and prevented
25 from offering any evidence not previously disclosed during the discovery process. The
26 motion will be denied in that Plaintiff's Complaint will not be dismissed.

27 **IT IS FURTHER ORDERED** that Plaintiff is bound by his March 4, 2009
28 interrogatory responses going forward.

1  **IT IS FURTHER ORDERED** that Plaintiff is prevented from offering any evidence, either testimony or documentary, that was not previously disclosed during discovery.

DATED this 12th day of August, 2009.

Stephen M. McNamee
United States District Judge

- 4 -