# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Antonio Sharp, | No. 1:07-CV-00458-SMM (PC) |
| Plaintiff, | **ORDER** |
| vs. | |
| A.D. Morrison, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motions for Transfer, filed on April 16 and 20, 2009 (Docs. 37-38). Defendants have responded to Plaintiff's motions (Doc. 53), and no reply was filed.[1] After considering the parties' respective briefing, the Court will deny Plaintiff's request for a transfer because the alleged events involve non-parties at a different institution and occurred well after Plaintiff's complaint was filed.

Plaintiff Antonio Sharp ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's Amended Complaint asserts that Defendants violated his Eighth Amendment rights by subjecting him to excessive force during a June 11, 2005 incident at California State Prison, Corcoran

---

[1] On September 14, 2009, the Court ordered Defendants to respond to Plaintiff's transfer motion by October 1, 2009 (Doc. 50). Plaintiff's reply, if any, was due by October 14, 2009.

("CSP-Corcoran") (Doc. 10).[2] The defendants include three Correctional Officers and one Correctional Sergeant at CSP-Corcoran. Plaintiff is currently housed at the Richard J. Donovan Correctional Facility ("RJD"). In Plaintiff's two transfer motions, he requests a transfer to the California Men's Colony ("CMC") on the grounds that he is experiencing problems with RJD's institutional staff (Doc. 37-38). These alleged problems include Plaintiff's refusal to double-cell with other inmates, continued placement in administrative segregation, interference with mail and property, and disciplinary actions (Id.). Based upon Plaintiff's allegations, the Court will construe Plaintiff's motion as one for a preliminary injunction.

The purpose of a preliminary injunction is to preserve the positions of the parties until a trial on the merits can be held. Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a party who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardships tips in its favor." Arcamuzi v. Cont'l Airlines, Inc., 819 F.2d 935, 937 (9th Cir. 1987) (citing Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985)). Under either of the two approaches, the plaintiff "must demonstrate a significant threat of irreparable injury." Id. (citing Oakland Tribune, 762 F.2d at 1376). An injunction should issue only if the plaintiff "demonstrate[s] a fair chance of success on the merits, or questions serious enough to require litigation." Id. (citations omitted). If the plaintiff "shows no chance of success on the merits" then an injunction should not be granted. Id. (citing Benda v. Grand Lodge of Int'l Ass'n of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978)).

---

[2] Plaintiff's Amended Complaint also contained claims under section 1983 for violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, obstruction of the inmate appeals process, and violation of 42 U.S.C. §§ 1985 and 1986 (Doc. 10). However, these claims were all dismissed during screening for failure to state a claim (Doc.13).

Federal courts are courts of limited jurisdiction, and thus, must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). If there is no actual case or controversy before it, a federal court has no power to hear the matter. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. U.S. I.N.S., 753 F.2d 719, 727 (9th Cir. 1985).

Plaintiff's motion for a transfer is misplaced. The events upon which Plaintiff bases his transfer request involve individuals who are not parties to the present case. The claim in Plaintiff's Amended Complaint stems from allegations of misconduct by officials at CSP-Corcoran (Doc. 10). There are no RJD defendants in this case, the subject of Plaintiff's transfer motion. Defendants have no ability to transfer Plaintiff to CMC, particularly when Plaintiff is housed at RJD. The court must have personal jurisdiction over the parties to be enjoined and may not enjoin defendants not before the Court. Zepeda, 753 F.2d at 727. Furthermore, Plaintiff's claim in this case accrued in 2005, when Plaintiff was incarcerated at a different institution then where he is presently housed. Therefore, the issues Plaintiff seeks to remedy in his motion bear no relation to the events giving rise to his claims in this suit.

Any remedy for these alleged violations must come through Plaintiff filing a grievance with RJD, exhausting his administrative remedies, and then filing a new lawsuit if he is still dissatisfied. See 42 U.S.C. § 1997e. Furthermore, Plaintiff cannot amend his current suit to include these new allegations because 42 U.S.C. § 1997e(a) requires exhaustion of administrative remedies before bringing a complaint in federal court. Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 1006). Assuming that Plaintiff exhausted all administrative remedies and filed another lawsuit, this new suit would then need to be screened by the Court before any Defendants are served. 28 U.S.C. § 1915A(a).

Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiff's Motion for Transfer (Doc. 37).

1   **IT IS FURTHER ORDERED DENYING** Plaintiff's Motion to be Transferred to
2   CMC East (Doc. 38).
3   DATED this 9th day of November, 2009.

_____
Stephen M. McNamee
United States District Judge