**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Antonio Sharp, | No. 1:07-CV-00458-SMM (PC) |
| Plaintiff, | **ORDER** |
| vs. |  |
| A.D. Morrison, et al., |  |
| Defendants. |  |

Defendants filed a motion for summary judgment on September 24, 2009 (Doc. 51). Plaintiff has not filed a response to the motion, and the time for doing so has expired. See Local Rule 230(l). Plaintiff shall file a response to the motion by **June 23, 2010**. Defendants shall file a reply by **July 2, 2010**.

Plaintiff is advised that Defendants' motion seeks, pursuant to Rule 56 of the Federal Rules of Civil Procedure, a judgment in favor of Defendants on Plaintiff's Eighth Amendment claim without trial. See Fed. R. Civ. P. 56(b). Generally, summary judgment must be granted when there is no genuine issue of material fact; that is, if there is no real dispute about any fact that would affect the outcome of the case, the party who moved for summary judgment is entitled to judgment as a matter of law, which will end the case as to the respective claims. See Fed. R. Civ. P. 56(c). When a defendant files a summary judgment motion that is properly supported by admissible evidence or sworn testimony (declarations or affidavits), the plaintiff cannot simply rely on what is alleged in the complaint. Instead, the plaintiff must set out specific facts in declarations, depositions,

1  answers to interrogatories, or authenticated documents that contradict the facts shown in the
2  defendant's declarations and evidence and that demonstrate a genuine issue of material fact
3  for trial.  See Fed. R. Civ. P. 56(e)(1)-(2).  If the plaintiff does not submit evidence in
4  opposition, summary judgment, if appropriate, should be entered against the plaintiff and in
5  favor of the defendant.  See Fed. R. Civ. P. 56(e)(2); Celotex Corp. v. Catrett, 477 U.S. 317,
6  322 (1986) (summary judgment should be granted against a party who "fails to make a
7  showing sufficient to establish the existence of an element essential to that party's case, and
8  on which that party will bear the burden of proof at trial"); see also Doc. 20 ¶ 5 (second
9  informational order advising Plaintiff of his summary judgment obligations pursuant to Rand
10 v. Rowland, 154 F.3d 952 (9th Cir. 1998)).

11        Plaintiff is further advised that he must become familiar with, and follow, the Federal
12 Rules of Civil Procedure and the Local Rules of Practice for the United States District Court,
13 Eastern District of California.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro
14 se litigants must follow the same rules of procedure that govern other litigants."); Carter v.
15 Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se,
16 [plaintiff] is expected to abide by the rules of the court in which he litigates.").  If Plaintiff
17 fails to prosecute this action or comply with the rules or any Court order, the Court may
18 dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil
19 Procedure and Local Rule 110.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992)
20 (district court did not abuse its discretion in dismissing the pro se plaintiff's complaint for
21 failing to comply with a court order); Pagtalunan v. Galaza, 291 F.3d 639, 640-43 (9th Cir.
22 2002) (same); see also Doc. 8 at 1.

23        Finally, the Court notes that Plaintiff is refusing his mail.  Defense counsel filed a
24 Declaration stating that on October 21, 2009, Defendants' Motion for Summary Judgment
25 was returned to his office (Doc. 54).  The envelopes containing the document were stamped
26 "Return to Sender," and contained handwriting that "Inmate Refused Mail."  (Id.)
27 Additionally, several of the Court's Orders have been returned because Plaintiff has refused
28 them, including Orders dated May 19, 2009 (Doc. 40), September 14, 2009 (Doc. 50), and

November 9, 2009 (Doc. 55). On October 29, 2009, defense counsel spoke with R. Olsen, the litigation coordinator at R.J. Donovan Correctional Facility (Doc. 54). Mr. Olsen reviewed the departmental computer records and confirmed that inmate Antonio Sharp (CDCR # V-33163) was still housed there (Id.). Plaintiff is cautioned that continued refusal to accept defense counsel's filings and court orders, and thus, to prosecute his case may result in the dismissal of this action.

Accordingly,

**IT IS HEREBY ORDERED:**

1. Plaintiff shall file a response to Defendants' motion for summary judgment (Doc. 51) by **June 23, 2010**.

2. Defendants shall file a reply by **July 2, 2010**.

3. Plaintiff is advised that failure to comply with this order may result in the dismissal of the complaint with prejudice.

DATED this 24th day of May, 2010.

_____
Stephen M. McNamee
United States District Judge