IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO SHARP,<br><br>     Plaintiff,<br><br>vs.<br><br>A.D. MORRISON, et al.,<br><br>     Defendants. | No. CV 1:07-00458-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Before the Court is Defendants A.D. Morrison, J. McNutt, M.P. Hernandez, and A. Coronado's Motion for Summary Judgment (Doc. 51), filed on September 24, 2009. Pursuant to the Court's Second Informational Order, Motion to Dismiss Notice, and Summary Judgment Notice (Doc. 20), Plaintiff was advised of the need to file a response to motions. No response has been filed by Plaintiff to date.

Default summary judgment is not proper unless movant's papers are sufficient to support the motion, or the movant's papers on their face reveal no genuine issue of material fact. Henry v. Gill Indus., Inc., 983 F.2d 943, 949-50 (9th Cir. 1993); United States v. Real Prop. Located at Incline Vill., 47 F.3d 1511, 1520 (9th Cir. 1995) overruled on other grounds by Degen v. U.S., 517 U.S. 820 (1996). For this reason, the Court will evaluate Defendants' Motion for Summary Judgment on the merits. After consideration, the Court grants summary judgment for Defendants and dismisses the Amended Complaint based on Heck v. Humphrey, 512 U.S. 477 (1994).

**FACTUAL BACKGROUND**

Plaintiff Antonio Sharp ("Plaintiff") filed a claim pursuant to 42 U.S.C. § 1983 against Correctional Sergeant A.D. Morrison ("Morrison"), and Correctional Officers J. McNutt ("McNutt"), M.P. Hernandez ("Hernandez"), and A. Coronado ("Coronado") (collectively referred to as "Defendants"). Plaintiff alleges that Defendants used excessive force against him on June 11, 2005, and violated his Eighth Amendment right to be free from cruel and unusual punishment. Defendants deny that they violated Plaintiff's constitutional rights. They argue that Heck v. Humphrey bars Plaintiff's claims due to Plaintiff's failure to file a writ of habeas corpus to overturn the rules violation he received as a result of the June 11, 2005 incident.

Plaintiff was incarcerated at California State Prison-Corcoran during the events of June 11, 2005 (Doc. 51, Defs.' Statement of Undisputed Facts ("DUF") ¶ 1). Defendants were correctional officers at CSP-Corcoran. Plaintiff maintains[1] that on the morning of June 11, 2005, Defendants used excessive force on him as he was walking back from the Facility Chow Hall to his housing unit with a friend (DUF ¶¶ 2, 4). His friend was selected for a random search so Plaintiff walked slowly to wait for him (DUF ¶5). Defendant Officer Coronado, in 3B Observation Tower, ordered Plaintiff to keep walking, to which Plaintiff

---

[1] Although Plaintiff has not responded to Defendants' Motion for Summary Judgment, Defendants' statement of facts is based on Plaintiff's deposition, and thus, considers the facts in the light most favorable to him. Defendants stipulate to the statement of undisputed facts for purposes of summary judgment. (Mem. of P. & A. in Supp. Of Defs.' Mot. for Summ. J. 2 n.1, DUF 1 n.1).

Because Plaintiff verified his Amended Complaint under penalty of perjury, the Court will treat it as an affidavit for purposes of summary judgment pursuant to Federal Rule of Civil Procedure 56(e). "A verified complaint may be treated as an affidavit to the extent that the complaint is based on personal knowledge and sets forth facts admissible in evidence and to which the affiant is competent to testify." Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985) (citing Runnels v. Rosendale, 499 F.2d 733, 734 n.1 (9th Cir. 1974). For Plaintiff's version of facts, the Court has relied on Plaintiff's verified Amended Complaint and his deposition which do not differ materially from one another.

responded that he was (DUF ¶6). After Officer Coronado again ordered Plaintiff to continue walking, Officer McNutt approached Plaintiff and grabbed his right arm, pulling him into the area where inmates are searched (DUF ¶¶ 6-7). In response, Plaintiff pulled away from Officer McNutt (DUF ¶7). A physical altercation ensued and both Plaintiff and Officer McNutt ended up on the ground (DUF ¶8). Plaintiff maintains that he was not resisting and was proned out, face down, when Officer McNutt started punching him in the face and kneeing him in the back (DUF ¶10).

The only officer Plaintiff is able to identify that used force on him is Officer McNutt (DUF ¶12). Officer Coronado was in the tower and it is undisputed that he was not able to leave his post during the incident (DUF ¶13, Doc. 51, Attach. 1, Sharp Dep. 61:14-22). Because Plaintiff was face down on the ground, he is unsure which Officers arrived to the scene (DUF ¶11). However, since Plaintiff had seen Officers Morrison and Hernandez near the scene prior to falling to the ground, he believes that they and Officer Coronado had the ability to see what was going on and should have intervened (Doc. 51, Attach. 1, Sharp Dep. 61:14-22, 71:17-72:12, 72:13-16). Officers Morrison and Hernandez maintain that they did not observe any excessive force used, but if they had, they would have intervened to stop it or at least report it (DUF ¶18).

Defendants present a different picture of what transpired between themselves and Plaintiff. Officer McNutt observed Plaintiff ignore Officer Coronado's command to continue walking (Doc. 51, McNutt Decl. ¶ 3). Officer McNutt attempted to tell Plaintiff to return to the gym and Plaintiff responded with a vulgar statement (Doc. 51, McNutt Decl. ¶ 4). Officer McNutt then attempted to escort Plaintiff to the area where clothed body searches are conducted (DUF ¶7). Instead of complying, Plaintiff resisted and attempted to strike Officer McNutt's face (Doc. 51, McNutt Decl. ¶¶ 6-9). After Plaintiff's second attempt to strike Officer McNutt, Officer McNutt forced Plaintiff to the ground and with the help of Officer Hernandez holding Plaintiff's leg down, handcuffed him (Doc. 51, McNutt Decl. ¶¶ 9-11, Doc. 51, Hernandez Decl. ¶ 4). Officers who observed this incident maintain that excessive

1  force was not used in restraining Plaintiff (Doc. 51, Coronado Decl. ¶ 8, Doc. 51, Hernandez
2  Decl. ¶ 5).

3  As a result of this incident, Plaintiff was issued a Rules Violation Report ("RVR")
4  and found guilty of attempted battery on a peace officer (DUF ¶¶19-20).  The bases for the
5  finding of guilt were Plaintiff's attempt to strike Officer McNutt (reported by Officer
6  McNutt), Officers Coronado and Hernandez's statements claiming that Plaintiff was
7  resisting, and testimony of a fellow inmate denying seeing staff hit Plaintiff (DUF ¶21).
8  Although Plaintiff pled not guilty and claimed that he did not strike Officer McNutt, the
9  hearing officer found that eyewitness accounts refuted Plaintiff's statement (Doc. 51, Hill
10 Decl. ¶ 14).  Plaintiff lost 150 days of behavioral credit (DUF ¶20).  Plaintiff did not seek to
11 overturn the RVR by filing a writ of habeas corpus (DUF ¶22).  Plaintiff claims that
12 Defendants used excessive force on him during the June 11, 2005 incident.  He seeks money
13 damages under § 1983 for subjecting him to cruel and unusual punishment.

### PROCEDURAL BACKGROUND

15 This § 1983 action, first filed on March 22, 2007, is proceeding on Plaintiff's
16 Amended Complaint filed on July 2, 2007 (Doc.10).  On June 11, 2008, the Court dismissed
17 the following claims for failure to state a claim upon which relief could be granted: equal
18 protection, inmate appeal process, retaliation, § 1985, § 1986, and due process (Doc. 13).
19 Excessive force is the only remaining claim (Id.).  The Court also dismissed four defendants,
20 W.J. Hill, J. Jones, M. Pilkerton, and L. Cano, for failure to state a claim upon which relief
21 could be granted against them (Id.).  On July 16, 2008, Magistrate Judge M. Snyder issued
22 a second informational order, specifically advising Plaintiff of the possibility of Defendants
23 requesting summary judgment and what he may do to oppose the motion (Doc. 20).[2]

24 On November 25, 2008, Chief Judge Anthony W. Ishii reassigned the case to this
25 Court (Doc. 32).  On April 16, 2009, Plaintiff moved to transfer (Doc. 37), which was denied

---

[2] This Second Informational Order included the required warnings under Rand v. Roland, 154 F.3d 952 (9th Cir. 1998).

- 4 -

by the Court (Doc. 55). The Court's Order, however, was returned as Undeliverable, Refused. Plaintiff's second motion for transfer on April 20, 2009 is the last the Court, and the Defendants, have heard from him (Doc. 38). On September 24, 2009, Defendants moved for Summary Judgment (Doc. 51). No response has been received from Plaintiff to date.

In reviewing the record in this case, the Court notes that Plaintiff's address was updated on May 19, 2009 (Doc. 41). His current address is listed as R.J. Donovan Correctional Facility, P.O. Box 799002, San Diego, CA, 92179. Despite this change in address, the Court also notes that Defendants continued to serve several motions and response to motions to Plaintiff's prior address (Doc. 42, 46, 48, 51-53).[3] One of the documents that was erroneously mailed to Plaintiff's prior address was Defendants' summary judgment motion (Doc. 51).[4] Accordingly, the Court gave Plaintiff an additional thirty days, until June 23, 2010, to file a response in opposition to summary judgment (Doc. 56).[5] The Court also reiterated to Plaintiff the consequences of not responding. Moreover, Defendants re-sent Plaintiff a copy of their summary judgment motion, this time to the correct address (Doc. 57). Therefore, Plaintiff has received notice of Defendants' motion, but has chosen not to respond.

## STANDARD OF REVIEW

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

---

[3] The certificates of service attached show the address as R.J. Donovan Correctional Facility, P.O. Box 79900**1**, San Diego, CA, 92179.

[4] Despite seemingly being sent to the incorrect address, defense counsel filed a Declaration stating that the summary judgment motion was returned to his office stamped "Return to Sender" and contained handwriting that "Inmate Refused Mail." (Doc. 54) Thus, Plaintiff may have still received Defendants' summary judgment motion initially, and simply chosen not to respond.

[5] This Court Order also was returned as Undeliverable, Refused on July 9, 2010.

1  law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);
2  Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law
3  determines which facts are material. See Anderson v. Liberty Lobby, 477 U.S. 242, 248
4  (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the
5  outcome of the suit under the governing law will properly preclude the entry of summary
6  judgment." Anderson, 477 U.S. at 248. The dispute must also be genuine, that is, the
7  evidence must be "such that a reasonable jury could return a verdict for the nonmoving
8  party." Id.; see Jesinger, 24 F.3d at 1130.

9        A principal purpose of summary judgment is "to isolate and dispose of factually
10 unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate
11 against a party who "fails to make a showing sufficient to establish the existence of an
12 element essential to that party's case, and on which that party will bear the burden of proof
13 at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir.
14 1994). The moving party need not disprove matters on which the opponent has the burden
15 of proof at trial. See Celotex, 477 U.S. at 323-24. The party opposing summary judgment
16 need not produce evidence "in a form that would be admissible at trial in order to avoid
17 summary judgment." Id. at 324. However, the nonmovant "may not rest upon the mere
18 allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing
19 that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Matsushita Elec. Indus. Co.,
20 Ltd. v.Zenith Radio Corp., 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose Joint
21 Venture, 53 F.3d 1044, 1049 (9th Cir. 1995).

## DISCUSSION

23       In determining whether Plaintiff's claim for damages under § 1983 is barred by Heck,
24 the critical issue is whether a judgment for Plaintiff on his excessive force claim would imply
25 the invalidity of the guilty finding of attempted battery. In Heck, the Supreme Court held
26 that, where a judgment in favor of the plaintiff in a civil rights action would necessarily
27 imply the invalidity of his conviction or sentence, he must first show that the conviction or
28 sentence has been reversed on direct appeal, expunged by executive order, declared invalid

1  by an authorized state tribunal, or called into question by the issuance of a writ of habeas
2  corpus. 512 U.S. at 486-87. Absent such a showing of invalidation of the conviction or
3  sentence, the plaintiff's complaint must be dismissed. Id. at 487. If the plaintiff's action will
4  not demonstrate the invalidity of the plaintiff's conviction or sentence, however, the §1983
5  action should move forward. Id.

6  A prisoner cannot use § 1983 to challenge the fact or duration of his confinement.
7  Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). Even when a § 1983 action does not seek
8  damages directly attributable to conviction or confinement, Heck bars those actions whose
9  successful prosecution would necessarily imply that the conviction or sentence was invalid.
10 Edwards v. Balisok, 520 U.S. 641, 646 (1997). Heck also applies to prison disciplinary
11 hearings. Id. at 648. In Edwards, the § 1983 claim was barred by Heck because the hearing
12 officer's alleged due process violation of concealing witness statements and refusing to ask
13 Plaintiff's requested questions to the witnesses would imply that the deprivation of
14 behavioral credits was invalid. Id. at 644, 648.

15 An important touchstone in deciding whether Heck will apply to bar a § 1983 claim
16 for damages is "whether [plaintiff] could prevail only by negating 'an element of the offense
17 of which he has been convicted.'" Cunningham v. Gates, 312 F.3d 1148, 1153-54 (9th Cir.
18 2003) (citing Heck, 512 U.S. at 487 n.6). In circumstances where the conviction or sentence
19 arise from the same acts as the alleged unconstitutional conduct, Heck requires that the
20 conviction or sentence be invalidated prior to commencing the § 1983 action. Smithart v.
21 Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (Heck not applicable because
22 Plaintiff's assault conviction stemming from his attempt to run over Sheriff with his truck
23 arose from facts separate from the alleged excessive force used during the arrest and would
24 not be invalidated by the excessive force holding).

25 Defendants argue that summary judgment is appropriate under Heck because success
26 on Plaintiff's § 1983 excessive force claim would imply that the RVR finding of guilt was
27 invalid (Doc. 51, Mem. of P. & A. in Supp. of Defs.' Mot. for Summ. J. 7:6-12). Thus,
28 Plaintiff cannot proceed in the absence of securing habeas relief from the guilty finding.

Plaintiff, however, claims that Defendants used excessive force on him (Am. Compl. ¶ 46). Plaintiff further alleges that he was passive and did nothing to resist Defendants' efforts to restrain him (Am. Compl. ¶¶ 14-21). According to Plaintiff, it was Officer McNutt who was the aggressor while Plaintiff was the victim (Id.). Yet, this theory is contrary to what was determined in the disciplinary hearing where Plaintiff was found guilty of attempted battery. Correctional Captain W.J. Hill based the guilty finding on Plaintiff's attempts to strike Officer McNutt, Plaintiff's resisting and kicking as witnessed by Officer Hernandez, and another inmate's testimony that he did not see staff hitting Plaintiff (Doc. 51, Hill Decl. ¶ 14). Although Plaintiff pled not guilty and claimed that he did not strike Officer McNutt, the hearing officer found Plaintiff's statement refuted (Id.).

For the Court now to find that excessive force was used by the officers would be contrary to the disciplinary hearing determination that Plaintiff was guilty of attempted battery. Similarly, a finding that Officers Morrison, Coronado, and Hernandez should have intervened would necessarily imply that excessive force was used and render the RVR invalid. Indeed, to allow Plaintiff to proceed with an action for money damages against Defendants requires the Court to find that the decision of the disciplinary hearing was incorrect. Plaintiffs's theory of being the victim would invalidate the bases underlying the RVR which found that Plaintiff was the aggressor. Plaintiff's remedy was to proceed by writ of habeas corpus, not a § 1983 action.

## CONCLUSION

Since success on Plaintiff's § 1983 claim necessarily implies that the finding of guilt for attempted battery was invalid, Heck bars the claim. 512 U.S. at 487. Because Plaintiff has not invalidated his conviction, either by reversal on direct appeal, expungement by executive order, declaration of invalidity by state tribunal, or habeas corpus, the Court grants summary judgment for Defendants. Id. Since the Court grants summary judgment pursuant to Heck, it does not address Defendants' alternative arguments. Plaintiff's Amended Complaint will be dismissed.

///

1   Accordingly,

2   **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc.
3   51) is granted.

4   **IT IS FURTHER ORDERED** that the Amended Complaint is dismissed without
5   prejudice. The Clerk of Court is directed to terminate this matter.

6   DATED this 19th day of July, 2010.

        Stephen M. McNamee
        United States District Judge